GONZÁLEZ, PLAINTIFF AND APPELLANT, *v.* PONCE RAILWAY AND LIGHT CO., DEFENDANT AND APPELLEE.

APPEAL from the District Court of Ponce in an Action for Damages.

No. 2185.—Decided June 17, 1920.

LAST CLEAR CHANCE.—The rule of the last clear chance is not applicable to a case in which, according to the weighing of the evidence by the lower court, not the motorman of the street car in which the appellant was traveling, but the driver of the truck, had the last chance of avoiding the accident.

The facts are stated in the opinion.

*Mr. L. Tormes* and *Miss H. Tormes* for the appellant.

*Mr. J. Tous Soto* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an action brought by José Braulio González against the Ponce Railway & Light Company in the District Court of Ponce to recover damages in the sum of $5,000 for injuries suffered in a collision between an electric car belonging to the defendant and a freight truck, the plaintiff alleging that he received a severe blow which has deprived him of the use of his left arm.

The plaintiff alleges that on October 4, 1918, the defendant's electric car, on which he was a passenger, and the

freight truck were running in the same direction from the city towards the port of Ponce and that by reason of the failure of the motorman to stop or reduce the speed of the car, as he had an opportunity to do, the two vehicles collided and without any fault or negligence on his part the plaintiff received a severe blow on his left arm which injured it permanently.

In answering the complaint the defendant alleged, among other things, that the accident was due solely and exclusively to the negligence of the driver of the truck which was running very close to the track without any reason therefor, and that when the motorman rang for a clear track the driver of the truck turned out and in doing so the rear part of the truck came within the radius of action of the electric car and collided with its left flank, it being impossible for the motorman to avoid the collision although his car was running at reduced speed.

After a trial, at which the witness for both parties testified, and on December 16, 1919, the court dismissed the complaint without special imposition of costs, and from that judgment the plaintiff appealed.

From the opinion on which the judgment was based we quote the following findings of fact:

"After having duly and impartially weighed all of the evidence examined in the present action and moved by a sincere desire to do justice, the court finds that it has been satisfactorily shown that the collision was not due to the negligence of the defendant, the Ponce Railway & Light Company, nor of its agents or employees, but that the direct and determining cause thereof was the negligence of the driver of the truck. The evidence clearly shows that both vehicles were running in the same direction; that the truck was running parallel to the trolley track with very little space between the truck and the car, and that when the driver of the truck turned its front out from the electric car its rear projected over the trolley track, thus causing the accident upon which this action is based."

The appellant alleges that the court erred in finding that

the accident which gave rise to the action was due to the negligence of the driver of the truck which was running parallel to the trolley track, and that it also erred in weighing the evidence and dismissing the complaint.

In support of the first assignment of error the appellant relies on the rule of "the last clear chance," that is, the one who had the last chance to avoid the accident; but it requires no great amount of intelligence to perceive that this rule is not applicable to the defendant, for it was not the motorman of the defendant's electric car, but the driver of the truck, who had the chance to avoid the accident, according to the weighing of the evidence by the trial court. The collision was caused by the fact that the driver of the truck turned it abruptly out from the track, thereby causing its rear to project over the track and to come in contact with the electric car.

We have examined the evidence introduced at the trial by both parties and any conflict there may have been was decided in favor of the defendant, and no proof has been laid before us that the court was influenced by passion, prejudice or partiality or committed manifest error.

The judgment appealed from should be

*Affirmed.*

Justices del Toro, Aldrey and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.